## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LUIS OMAR ALVAREZ,      )
                                 )
         Plaintiff,     )
                                 )
v.                        )        CV421-087
                                 )
BECHTEL CORPORATION,   )
RICHMOND COUNTY      )
CONSTRUCTION,  SOUTHERN )
NUCLEAR OPERATING     )
COMPANY, and WILLIAMS   )
PLANT SERVICES,        )
                                 )
        Defendants.   )

## <u>ORDER</u>

Plaintiff Luis Omar Alvarez, proceeding *pro se*, filed this Title VII lawsuit alleging the defendants unlawfully discriminated and retaliated against him based on his race, color, and national origin.  Doc. 1 at 2. Before the Court are Motions to Dismiss filed by Defendants Bechtel Corporation ("Bechtel"), doc. 6, Williams Plant Services ("WPS"), doc. 13, and Southern Nuclear Operating Company ("Southern Nuclear"), doc. 16.[1]  Alvarez opposes each of the three motions.  *See* doc. 24 (opposing

---

[1] Defendant Richmond County Construction ("RCC") filed an answer.  Doc. 8.

1

Bechtel's motion); doc. 14 (opposing WPS's motion); doc. 22 (opposing Southern Nuclear's motion).  Two defendants replied.  *See* doc. 23 (WPS), doc. 28 (Bechtel).  Although the three Motions to Dismiss identify defects in Alvarez's pleading, those defects may be amendable and, as discussed below, Alvarez is entitled to at least one opportunity to amend. Accordingly, Bechtel, WPS, and Southern Nuclear's Motions to Dismiss are **DISMISSED as moot**.  Docs. 6, 13 & 16.

## I. BACKGROUND

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that RCC discriminated against him on the basis of race and national origin.[2]  *See* docs. 6-1 at 2 (EEOC Charge), 13-1 at 2 & 16-1 at 2 (same).  Plaintiff only

---

[2]  The Court "may consider a document attached to a motion to dismiss, without converting it to a motion for summary judgment, when the plaintiff refers to the document in his complaint, it is central to his claims, and there is no reasonable dispute as to the authenticity of the document." *Booth v. City of Roswell*, 754 F. App'x 834, 836 (11th Cir. 2018) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).  Bechtel, WPS, and Southern Nuclear each attach a copy of Plaintiff's charge to their Motions to Dismiss.  Doc. 6-1 at 2; doc. 13-1 at 2; doc. 16-1 at 2.  Although Plaintiff does not attach the EEOC charge to his Complaint, the Complaint references the charge.  Doc. 1 at 4.  The charge is "central to his claims," since filing the charge with the EEOC is a precondition to filing suit in federal court. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  Finally, no party disputes the authenticity of the document.  *See generally* docket.  Accordingly, the Court will consider the information in the EEOC charge when analyzing the Motions to Dismiss.

identified RCC as his employer in his EEOC charge; he did not name Bechtel, WPS, or Southern Nuclear. Doc. 6-1 at 2. The EEOC dismissed Plaintiff's charge against RCC, and informed Plaintiff that he had the right to file suit "against the respondent(s) . . . based on this charge" in federal or state court within 90 days of his receipt of the dismissal. Doc. 1-1 (EEOC's Dismissal and Notice of Rights).

Plaintiff subsequently filed this action alleging that the defendants discriminated and retaliated against him based on his race, color, and national origin. *See generally* doc. 1. Bechtel's Motion to Dismiss argues that Plaintiff failed to exhaust his administrative remedies by timely filing an EEOC charge against it, and that the claims against it are therefore subject to dismissal.[3] Doc. 6 at 1. WPS's Motion to Dismiss

---

[3] Bechtel's reply to Plaintiff's opposition further argues that the Court should dismiss the claims against Bechtel because Plaintiff failed to allege that it was his "employer" under Title VII; however, Bechtel does not raise this argument in its Motion to Dismiss. *Compare* doc. 6 at 4 (Bechtel's Motion to Dismiss argues that Plaintiff failed to exhaust his administrative remedies because his EEOC charge "contains no references to Bechtel or any other indication that Bechtel was his employer . . . ."), *with* doc. 28 at 2 (Bechtel's reply argues that Plaintiff's Complaint fails to allege that it was his "employer" under Title VII). Because of its policy of permitting unlimited reply briefs, this Court, unlike some other district courts, permits novel arguments to be asserted in reply briefs. *See Pattee v. Georgia Ports Authority*, 477 F. Supp. 2d 1272, 1274-75 (S.D. Ga. 2007) (Edenfield, J.); *see also Whitsell Corp. v. Electrolux Home Prods.*, 2017 WL 2080417, at *2-3 (S.D. Ga. May 15, 2017) (Hall, C.J.). However, "the Court will view 'new' arguments suspiciously, remain mindful of sandbagging, and liberally grant . . . time extensions when sandbagging is suspected." *Pattee*, 477 F. Supp. 2d at 1275. Since Bechtel's motion is moot, given Alvarez's

similarly argues that Plaintiff failed to exhaust his administrative remedies, doc. 13 at 4, and further argues that the Complaint does not allege that WPS employed Alvarez and therefore fails to state a claim against it, *id.* at 7.  Southern Nuclear's Motion to Dismiss argues that Alvarez failed to exhaust his administrative remedies by failing to name it in an EEOC charge.  Doc. 16 at 4-5.  The Court granted Bechtel, WPS, and Southern Nuclear's request to stay discovery pending disposition of the last of their Motions to Dismiss.  Doc. 30 at 5.

## II. ANALYSIS

### A.   Rule 12(b)(6) Standard

On a motion to dismiss under Rule 12(b)(6), the factual allegations in a complaint are assumed true and construed in the light most favorable to the plaintiff.  *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

---

opportunity to amend, whether and to what extent to consider arguments raised in its reply brief in support of that motion are equally moot.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory" (citations and internal quotation marks omitted)).

"Factual allegations must be enough to raise a right to relief above the speculative level," *i.e.*, they must do more than merely create a " 'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Stated differently,

the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]' " *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 550 U.S. at 545).   A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

   "A document filed *pro se* is 'to be liberally construed' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).   Nevertheless, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 887 (11th Cir. 2013); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").   In particular, the liberal construction "does not give a court license to serve

as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Farkas v. SunTrust Mortg., Inc.*, 2011 WL 5984867, at *1 (11th Cir. Nov. 30, 2011).

## B.   Defendants' Failure-to-Exhaust Arguments

Bechtel, WPS, and Southern Nuclear each argue that Plaintiff's claims against them should be dismissed because he failed to exhaust his administrative remedies by not naming them in his EEOC charge.  Doc. 6 at 1 (Bechtel); doc. 13 at 4 (WPS); doc. 16 at 4-5 (Southern Nuclear). "An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act . . . ." *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017) (citing *Wilkerson*, 270 F.3d at 1317).  "The first step down [the] path [of exhaustion] is filing a timely charge of discrimination with the EEOC." *Wilkerson*, 270 F.3d at 1317.  Additionally, "the general rule is that 'a party not named in the EEOC charge cannot be sued in a subsequent civil action' under Title VII." *Sharp v. City of Montgomery*, 2021 WL 5989104, at *7 (M.D. Ala. Dec. 17, 2021) (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994)); 42 U.S.C. § 2000e-5(f)(1) (A

Title VII action "may be brought against the respondent named in the charge . . . .").

"However, because the EEOC charge typically is prepared by a layperson . . . courts liberally construe the naming requirement to avoid technical roadblocks to suit." *Sharp*, 2021 WL 5989104, at \*7 (citing *Virgo*, 30 F.3d at 1358). The Eleventh Circuit has explained that a plaintiff may satisfy Title VII's exhaustion requirement despite failing to name an employer in an EEOC charge if "the purposes of [Title VII] are met." *Virgo*, 30 F.3d at 1358-59. *Virgo* provided several factors a court should weigh when deciding whether the purposes of Title VII are met:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Virgo*, 30 F.3d at 1359. "A sixth factor looks to whether an EEOC investigation reasonably would have encompassed the unnamed party." *Sharp*, 2021 WL 5989104, at \*7 (citing *Hamm v. Members of the Bd. of Regents of Fla.*, 708 F.2d 647, 650 (11th Cir. 1983)).

Although a plaintiff need not conclusively establish that the purposes of Title VII are satisfied to survive a motion to dismiss, they must allege sufficient facts to support a reasonable inference that the failure to name a defendant in an EEOC charge may be excused. *Compare Yule v. Ocean Reef Cmty. Ass'n*, 2020 WL 3051505, at *4 (S.D. Fla. June 8, 2020) (granting motion to dismiss by defendant not named in EEOC charge where plaintiff's allegations that defendant is a "registered agent" of a defendant named in the charge, "manages and/or oversees the work" of, and "managed and/or supervised" the named entity, were insufficient to create a reasonable inference that the two entities were sufficiently "closely related"), *with Sharp*, 2021 WL 5989104, at *7 (denying motion to dismiss for failure to exhaust where, based on the pleadings, there was a sufficient "similarity of interest" between the parties named and unnamed on the EEOC charge, where one was the agent of the other, the EEOC communicated with the unnamed party and therefore it had notice of the proceedings, the allegations did not support an inference of prejudice to the unnamed party, and the plaintiff's allegations in the EEOC charge permitted an inference that the unnamed party was involved).

Southern Nuclear seeks dismissal because Alvarez failed to exhaust his administrative remedies by not naming it in his EEOC charge.  Doc. 16 at 4.  He does not allege that he named Southern Nuclear in his EEOC charge.  *See generally* doc. 1 (Complaint); doc 6-1 at 2 (EEOC charge).  Therefore, to survive Southern Nuclear's motion to dismiss, his Complaint must allege sufficient facts to infer that his failure might be excused.  Plaintiff has not satisfied this burden.

The Complaint only includes two factual allegations related to Southern Nuclear:[4]

- Southern Nuclear is "[t]he licensee of [t]wo (2) new nuclear units" at the site where Plaintiff worked.  Doc. 1 at 3.
- After Plaintiff was verbally discriminated against, "the ladies driving the van" recommended that Plaintiff "go to [an] ECP-Program[5] run by [Southern Nuclear] . . . ECP took some notes and [began] an investigation.  As of

---

[4]  In addition to these specific allegations, the Complaint includes general conclusory allegations concerning Southern Nuclear.  *See, e.g.*, doc. 1 at 4 (Defendants engaged in "a continuous, uninterrupted, and without cessation pattern of discrimination, bias, racism and deceitful, and unlawful behavior.  All against Plaintiff through and at/by the hands of several ('RCC') employees, managers, directors and craftsmen and including but not limited to ('Bechtel'), ('[Southern Nuclear]') and ('Williams')); *id.* at 12 ("[I]t was up to Mr. Jessy, Mr. Wesley, Mr. Norona, Mr. Paul, Labor Relations, ('RCC')[,] ('Bechtel')[,] ('SNC')[, and] ('Williams')" to allow Plaintiff to become a Certified Person Rigger ("CPR"), and they prevented him from becoming a CPR.).  These allegations are no more than conclusory and can be disregarded.  *Iqbal*, 556 U.S. at 678 (citation omitted); *see also id.* (The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

[5]  Alvarez's Complaint never explains what an "ECP-Program" is.  *See generally* doc. 1.  RCC's Answer, however, clarifies that the acronym stands for "Employee Concern Program."  Doc. 8 at 21.

> Friday[,] August 30th, their investigation [was] over.
> [ECP] could not find anything wrong [with the allegedly
> discriminatory conduct]." *Id.* at 13.

Under the first *Virgo* factor, Plaintiff's allegation that Southern Nuclear

is the "licensee" of two "nuclear units" at a site where RCC performed the

"labor portions" of a contract does not, on its own, create an inference of

a sufficiently similar interest between the entities.  Doc. 1 at 3; *compare*

*Pasley v. Relogio, LLC*, 2020 WL 10459816, at *5 (N.D. Ga. Dec. 14, 2020)

(Plaintiff's allegations that defendants had interrelated operations and

finances, common ownership, and the same address and registered agent,

create an inference that the first *Virgo* factor weighs in Plaintiff's favor

in the motion to dismiss context), *with Kelly v. Fourth Ave. Super Mkt.,*

*Inc.*, 2019 WL 2616254, at *3 (N.D. Ala. June 26, 2019) (Plaintiff's

allegations that two parties had a "short, contractual relationship over

property" is insufficient to create an inference that the first *Virgo* factor

weighs in Plaintiff's favor in motion to dismiss context).  This allegation,

however, combined with the allegation that a Southern Nuclear program

investigated his employment-related grievances, could suggest a close

relationship between Southern Nuclear and RCC under the first factor.

However, since these two allegations do not suggest that factors (2)-(6)

weigh in Plaintiff's favor, he has not sufficiently supported an inference that his failure to name Southern Nuclear in the EEOC Charge should be excused.

Defendants Bechtel and WPS also argue that Plaintiff's claims against them should be dismissed because Plaintiff failed to exhaust his administrative remedies. Doc. 6 at 2; doc. 13 at 4. As discussed above, since Plaintiff does not allege that he named Bechtel or WPS in his EEOC charge, *see generally* doc. 1 (Complaint); doc 6-1 at 2 (EEOC charge), he must allege facts sufficient for the Court to draw a reasonable inference that allowing him to maintain suit against Bechtel and WPS would be consistent with the purposes of Title VII despite their absence from the charge. The specific allegations in the Complaint related to Bechtel and WPS are:[6]

---

[6] As discussed above, the Court cannot consider Plaintiff's "naked assertions devoid of further factual enhancement" when determining whether he has met his pleading burden. *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Accordingly, the Court does not consider Plaintiff's general unsupported allegations related to Bechtel and WPS. *See, e.g.*, doc. 1 at 4 (Defendants engaged in "a continuous, uninterrupted, and without cessation pattern of discrimination, bias, racism and deceitful, and unlawful behavior. All against Plaintiff through and at/by the hands of several ('RCC') employees, managers, directors and craftsmen and including but not limited to ('Bechtel'), ('[Southern Nuclear]') and ('Williams')"); *id.* at 12 ("[I]t was up to Mr. Jessy, Mr. Wesley, Mr. Norona, Mr. Paul, Labor Relations, ('RCC')[,] ('Bechtel')[,] ('SNC')[, and] ('Williams')" to allow Plaintiff to become a Certified Person Rigger ("CPR"), and they prevented him from becoming a CPR.).

- "[Bechtel is a] Global Leader in Engineering[,] Procurement[,] Construction[,] [a]nd Project Management at Vogtle.  With its Home Headquarters in Reston[,] Virginia.  More precisely at: 12011 Sunset Hills Rd. Ste. 110 Reston VA 20190[.]"  Doc. 1 at 2-3.
- [WPS] [p]rovides Construction and Plant Maintenance and Modification services at Plant Vogtle.  With business headquarters at: 100 Crescent Ct. Pkwy Tucker GA 30084[.]"  *Id.* at 3.
- "[RCC is a] joint venture between [Bechtel and WPS] to perform the labor portions of said contract at Plant Vogtle Nuclear, with home headquarters at: 2878 River Rd. Waynesboro Georgia 30830."  *Id.*

As with his claims against Southern Nuclear, Plaintiff's allegations do not create a reasonable inference that allowing the claims to proceed against Bechtel and WPS would be consistent with the purposes of Title VII.  The closest Plaintiff comes to alleging a fact suggesting that his failure to exhaust should be excused is the allegation that RCC is a "joint venture between [Bechtel and WPS]."  Doc. 1 at 3.  This allegation, standing alone, is insufficient for the Court to infer that Plaintiff's failure to name these two defendants in his EEOC charge is excusable.  In *Yule*, where the plaintiff alleged significantly more connections between a defendant named in the EEOC charge and the unnamed defendant than Plaintiff did in this case, the Southern District of Florida granted the unnamed defendant's motion to dismiss.  2020 WL 3051505, at *4.  There,

the plaintiff's allegations that the named defendant was the unnamed defendant's "registered agent," and that the named defendant "manage[s] and/or oversees" the unnamed defendant, were insufficient to create an inference that Plaintiff's omission of the unnamed defendant from the EEOC charge should be excused. *Id.* at \*3-4; *see also Obinyan v. Prime Therapeutics LLC*, 2018 WL 7078182, at \*2 (N.D. Tex. Dec. 13, 2018) (granting Defendants' Motions to Dismiss for Plaintiff's failure to exhaust, since "the fact that Walgreens and Prime have a joint venture in the form of Alliance is immaterial to the issue of Plaintiff's failure to name Walgreens in his Charge."); *Wilson v. Kautex, Inc.*, 2008 WL 474230, at \*3 (N.D. Ind. Feb. 15, 2008) (Plaintiff fails to defeat motion to dismiss by arguing that because companies not named in his EEOC charge are "appendages of [a] joint venture" involving the named employer, his failure to name them in his EEOC charge should be excused under the "*Eggleston* Exception," the Seventh Circuit's version of the *Virgo* test); *but see Crawford v. Place Properties, LP*, 2017 WL 380928, at \*4 (S.D. Ga. Jan. 26, 2017) (Claims against defendants not named in EEOC charge survive motion to dismiss for failure to exhaust, when complaint alleges multiple specific connections between the

14

defendant named in EEOC charge, and those not named).  Accordingly, Bechtel and WPS are correct that Plaintiff has failed to state a claim against them.

###   C.   WPS's "Employer" Argument

Defendant WPS offers an additional argument that Plaintiff's claims against it should be dismissed because Plaintiff failed to allege that it was Plaintiff's "employer" within the meaning of Title VII.  Doc. 13 at 7-8.  "A Title VII workplace discrimination claim can only be brought by an employee against his employer." *Peppers v. Cobb Cty., Ga.*, 835 F.3d 1289, 1297 (11th Cir. 2016).  Courts have interpreted the term "employer" liberally.  *Id.* (citing *Virgo*, 30 F.3d at 1359).  The Eleventh Circuit has explained that courts determining whether multiple entities are the "employers" of a single employee under Title VII must look beyond the "nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise . . . ."  *Peppers*, 835 F.3d at 1298 (citing *Lyes v. City of Riviera*

*Beach*, 166 F.3d 1332, 1341 (11th Cir.1999)).  The Eleventh Circuit has

identified three circumstances in which such aggregation is appropriate:

> [1] the integrated enterprise-where two entities are highly
> integrated with respect to ownership and operations; [2] joint
> employers-where two entities contract with each other and
> one company retains sufficient control over the terms and
> conditions of the other company's employees; and, [3] the
> agency test-where an employer delegates sufficient control of
> some traditional rights over employees to a third party.

*Williams v. Ga. Stevedoring Ass'n, Inc.*, 2013 WL 1130741, at *5 (S.D. Ga.

March 18, 2013) (citing *Lyes*, 166 F.3d at 1340-41).  Although a plaintiff

need not conclusively establish that aggregation of entities is appropriate

for Title VII "employer" purposes to survive a motion to dismiss, a

plaintiff must at least provide "sufficient factual allegations to raise a

reasonable expectation that evidence will reveal" employer aggregation

is appropriate.  *Kaiser v. Trofholz Techs., Inc.*, 935 F. Supp. 2d 1286, 1293

(M.D. Ala. 2013); *see also Smith v. CH2M HILL, Inc.*, 2011 WL 13128411,

at *7 (N.D. Ga. Mar. 3, 2011) ("While plaintiff is not required to

conclusively establish that defendants were [his] joint employers at the

pleading stage, plaintiff must at least allege *some* facts in support of this

legal conclusion.").

As discussed above, Plaintiff's only specific factual allegations related to WPS are:

- [WPS] [p]rovides Construction and Plant Maintenance and Modification services at Plant Vogtle.   With business headquarters at: 100 Crescent Ct. Pkwy Tucker GA 30084[.]" *Id.* at 3.
- "[RCC is a] joint venture between [Bechtel and WPS] to perform the labor portions of said contract at Plant Vogtle Nuclear, with home headquarters at: 2878 River Rd. Waynesboro[,] Georgia 30830." *Id.*

The closest Plaintiff comes to alleging a fact that supports his pleading burden is that his employer RCC is a "joint venture" between Bechtel and WPS which performs the "labor portions" of the Plant Vogtle contract. Doc. 1 at 3; doc. 6-1 at 2 (Plaintiff's EEOC charge names RCC as his employer).   This allegation, however, is insufficient to create an inference that WPS should be aggregated with RCC as his "employer" under Title VII. *Compare Underwood v. Chick-fil-A, Inc.*, 2010 WL 11718325, at *2 (N.D. Ga. Aug. 18, 2010) ("[T]he central question before the Court is whether [plaintiff's] complaint contains sufficient facts to plausibly conclude that CFA exercised sufficient control over [defendant's] employees to be considered a joint employer."   Plaintiff's allegations that (1) CFA selected defendant as a franchisee; (2) that defendant "acted on behalf . . . of CFA; (3) CFA opposed plaintiff's application for

17

unemployment benefits; and (4) CFA representatives complimented plaintiff's work performance, were insufficient to defeat a motion to dismiss.), *with Crawford*, 2017 WL 380928, at *4 (Plaintiff sues a parent and two subsidiaries, and the parent and one subsidiary move to dismiss because plaintiff failed to allege that they were his "employers." Plaintiff survives motions to dismiss by alleging that the two subsidiaries are "under the control" of the parent, the parent "provides accounting, human-resources, training, payroll, and management services to properties managed by" the moving subsidiary, and that the parent made hiring/firing decisions for the moving subsidiary and paid Plaintiff's salary, among other allegations), *and Key v. Hyundai Motor Mfg., Alabama, LLC*, 2021 WL 3909663, at *8 (M.D. Ala. Aug. 31, 2021) (Plaintiff "barely" pleads enough facts to support a plausible employment relationship under the "joint employer" theory, and therefore survives a defendant's motion to dismiss, by alleging that an employee of a different entity used an email address associated with defendant to tell plaintiff that dreadlocks were not permitted, that plaintiff worked at a site owned by defendant, and that defendant's name appeared on plaintiff's paychecks, among other facts.). Accordingly, Plaintiff has failed to allege

facts sufficient to support a reasonable inference that WPS is his "employer."

### D.   <u>Plaintiff Is Entitled to an Opportunity to Amend His Complaint</u>

Generally, before a *pro se* plaintiff's complaint is dismissed for failure to state a claim, he must be afforded an opportunity to amend his complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003); *Rogers v. Shinseki*, 2014 WL 1093147, at *3 (S.D. Ga. Mar. 18, 2014). If amendment would be futile, however, "no such opportunity must be afforded." *Dupree v. Owens*, 2021 WL 2519003, at *5 (N.D. Ga. Apr. 6, 2021) (citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019)). An opportunity to amend is futile if the amended complaint would "still [be] subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citations omitted).

First, as discussed above, Plaintiff has failed to plead that he has exhausted available administrative remedies for any claim he asserts against Southern Nuclear. However, his allegation that it provided a program which investigated his employment-related grievances suggests that Plaintiff could allege additional facts to meet his burden. Doc. 1 at 13.

Second, the Court cannot conclude that an opportunity for Plaintiff to amend his Complaint against Bechtel and WPS would be futile. Although the Complaint fails to allege that Plaintiff's failure to name these defendants in the EEOC charge should be excused, his allegation that the entities formed a "joint venture" which employed him indicates that Plaintiff could carry his burden in an amended complaint. Similarly, the "joint venture" allegation suggests that Plaintiff could allege facts in an amended complaint creating an inference that WPS should be aggregated with RCC as his "employer" under Title VII.

## III. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim against Bechtel, WPS, and Southern Nuclear; however, the Court will afford him an opportunity to amend his Complaint. Plaintiff is **DIRECTED** to file an Amended Complaint within 21 days from the date of entry of this Order. He is advised that his amended complaint will supersede his original pleadings and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. &*

*Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).  Failure to comply with the Court's instructions may result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b).  Since the Amended Complaint will supersede the original Complaint, the Motions to Dismiss the original Complaint are **DISMISSED as moot**.  Docs. 6, 13 & 16.  The defendants will have the opportunity to respond to the Amended Complaint as provided in the Federal Rules.  *See* Fed. R. Civ. P. 15(a)(3).  Additionally, it is **ORDERED** that all discovery in this case remain **STAYED** until plaintiff files his Amended Complaint.  Any party wishing to renew the stay, pending potential motions to dismiss the Amended Complaint, must move for such a stay.

Finally, Plaintiff filed a "Motion . . . to Stop This Pause Taken Against Plaintiff's Complaint Interfering With Plaintiff's Rightful Day [In] Court."  Doc. 35; doc 36 (RCC opposes Plaintiff's motion); doc. 37 (Southern Nuclear opposes Plaintiff's motion).  Plaintiff's filing requests that the Court "stop this pause taken against Plaintiff's claims" and

"move this case forward." *Id.* at 2-3.  Given the foregoing instructions,

Plaintiff's request is **DIMSISSED as moot**.  Doc. 35.

    **SO ORDERED**, this 4th day of March, 2022.

                CHRISTOPHER L. RAY
                UNITED STATES MAGISTRATE JUDGE
                SOUTHERN DISTRICT OF GEORGIA