IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LUIS OMAR ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-032 |
| | ) | |
| BECHTEL CORPORATION; RICHMOND | ) | |
| COUNTY CONSTRUCTION; SOUTHERN | ) | |
| NUCLEAR OPERATING COMPANY; and | ) | |
| WILLIAMS PLANT SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

United States Magistrate Judge Christopher L. Ray previously stayed discovery pending resolution of multiple motions to dismiss the original complaint in this employment discrimination case. (See doc. no. 30.) On March 4, 2022, the motions to dismiss were dismissed as moot, and Judge Ray directed Plaintiff to file an amended complaint. (Doc. no. 38.) Plaintiff filed his amended complaint on March 16, 2022, and Judge Ray transferred the case to the Augusta Division on March 18, 2022. (Doc. nos. 39, 43.) Richmond County Constructors, LLC, ("RCC") filed an answer,[1] (doc. no. 46), and Defendants Bechtel Corporation, Southern Nuclear Operating Company, and Williams Plant Services, (collectively "the moving Defendants") have moved to dismiss the amended complaint, (doc. nos. 45, 47, 48). The moving Defendants also jointly move to stay all discovery, and RCC has also

---

[1]This Defendant is misidentified as Richmond County Construction. (See doc. no. 46, p. 1.)

separately joined that request for a stay. (Doc. nos. 51, 52.) Despite receiving an extension of time to do so, (doc. no. 54), Plaintiff has not filed a separate response to the motion to stay, and therefore, pursuant to Loc. R. 7.5, the motion is technically unopposed. However, the Court has considered Plaintiff's statements regarding the need for discovery contained within his responses to the motions to dismiss. (See doc. nos. 55-57, 63.) For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 51.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motions from the moving Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motions seek dismissal of all claims against three of the four named Defendants. (See doc. nos. 45, 47, 48). Thus, the scope of discovery may be drastically limited if any of the motions to dismiss are granted, particularly since the number of Defendants and the scope of discovery could be significantly reduced.

In his responses to the motions to dismiss, Plaintiff suggests he needs discovery to determine whether Defendants who were not named in his EEOC charge received adequate notice such that they should remain in the case under his "joint venture" theory. (See, e.g., doc. no. 55, p. 2; doc. no. 56, p.3; doc. no. 57, p. 3; doc. no. 63, pp. 2-4.) However, Plaintiff

2

has already made his legal arguments concerning notice, and the presiding District Judge, when considering the motions to dismiss, will evaluate whether those are viable legal arguments. At this preliminary stage, the analysis focuses on whether Plaintiff has alleged sufficient facts to survive a motion to dismiss, not whether he has marshaled sufficient factual evidence to succeed on his claim. (See generally doc no. 38 (explaining Title VII pleading requirements in context of motion to dismiss and allowing Plaintiff opportunity to amend).) Moreover, as discovery will eventually proceed with respect to RCC, which did not move to dismiss, Plaintiff has not shown that any prejudice will result from granting a stay on discovering facts to support any viable legal theories.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motions to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'" (citation omitted)).

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of the moving Defendants' dispositive motions. Upon resolution of the motions, the remaining parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within fourteen days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motions, provides further instructions to the

3

parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within fourteen days of the presiding District Judge's ruling.

SO ORDERED this 5th day of May, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA